IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:22-CR-00034-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| DONALD BOOKER, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's *pro se* "Notices of Special Appearance," Doc. Nos. 27, 35, 36, and 38, and the Government's Motion to Strike, Doc. No. 37. For the reasons discussed below, the Court will construe these "notices" as motions to dismiss and for miscellaneous relief and deny them as frivolous.

## I. BACKGROUND

On February 15, 2022, the Defendant was indicted and charged with: 1) conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; 2) multiple violations of the Anti-Kickback Statute, in violation of 42 U.S.C. § 1320a-7b; 3) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and 4) money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). *See* Doc. No. 1.

On May 4, 2022, United States Magistrate Judge Keesler conducted a *Faretta* hearing and explained the consequences and risks of self-representation to the Defendant. Having found that Defendant's waiver of his right to counsel was knowingly and voluntarily given, the court allowed the Defendant to represent himself. The Defendant was appointed standby counsel, in part to coordinate and assist Defendant's review of the extensive discovery in this matter.

1

The Defendant has now filed four *pro se* notices or motions. First, on May 3, 2022, Defendant filed a "Notice of Special Appearance: Mandatory Judicial Notice, Motion to Dismiss-Notice of Subrogation," Doc. No. 27, which states that he does not "consent to proceed with matters involving this case until this motion is heard, and the documents and securities are disclosed." *Id.* The filing requests that the Court or the government "use the bond to settle the charge or debt []" and warns that "[i]f not produced, I shall then have no choice but to notify the IRS CID if these documents are not processed as a possible tax evasion by the court and its officers." *Id.*

Defendant then filed a July 13, 2022, notice directed to the Court. Doc. No. 35. This notice states the Defendant has "accepted your presentment to Mr. Donald A. Booker for assessed value and I am returning it to you in exchange for closure and settlement of case number: 3:22-cr-00034-KDB-DSC." *Id.* It adds that "[y]our refusal to send the confirmation or notice of dishonor will in no way negate this settlement and will be your agreement that you and your agency have no capacity to pursue collection." *Id*. Lastly, the notice claims that the Court owes the Defendant damages at the rate of $150,000 per day, allegedly totaling $34,800,000 as of the date of filing.

On July 28, 2022, Defendant filed another notice directed at the Court which repeats the claims of the previous filing in case the Court's "dishonor through non-performance and non-response was unintentional or due to reasonable neglect or impossibility." Doc. No 36*.* It requests that the Court "send confirmation that the account for case number 3:22-cr-00034-KDB-DSC has been adjusted and settled []" within ten days, and states that "[i]f you fail to cure the breach, your refusal will be your agreement to all statements made in the initial notice of appearance." *Id.* And on August 8, 2022, the Defendant filed a "notice of breach" which claims the Court "dishonored" him and now owes him $34,800,000. (*See* Doc. No 38).

2

The Government has now moved to strike these filings as frivolous and asks for an order prohibiting the Defendant from making future frivolous filings. *See* Doc. No. 37.

## II. DISCUSSION

While these notices were not filed as motions by the Defendant, the Court must construe *pro se* filings liberally and thus will interpret these filings as motions to dismiss for lack of jurisdiction and for miscellaneous relief. *See United States v. Richardson*, No. 4:20-CR-531 HEA/PLC, 2021 U.S. Dist. LEXIS 138225 (E.D. Mo. May 13, 2021) (construing "sovereign citizen" filing as motion to dismiss).

The Defendant's filings appear to rely on legal theories espoused by "sovereign citizens." The sovereign citizen concept hinges on a mistaken belief that federal, state, and local governments are illegitimate and therefore, laws and regulations enacted by those bodies are unenforceable. *See United States v. MacAlpine,* No. 1:18-CR-00092-MR, 2018 WL 6620889, at *4 (W.D.N.C. Dec. 18, 2018) *(*citing *Shipman v. Bank of Am.*, No. 3:16-CV-772-RJC-DSC, 2017 WL 872651, at *2 (W.D.N.C. Mar. 3, 2017), *report and recommendation adopted in part sub nom*. *Shipman v. Funds Mgmt. Branch*, No. 3:16-CV-772-RJC-DSC, 2018 WL 3872320 (W.D.N.C. Aug. 15, 2018)). Specifically, the Defendant seems to argue: 1) that because his name is capitalized in the Indictment it somehow references an entity separate from the Defendant; and 2) that there are undisclosed exemption bonds, securities, trusts, contracts, subrogation rights, or estate property that have been withheld from him and that they "settle" the charges in the Indictment. *See* Doc. No. 27-1.

Courts across the United States have uniformly rejected these legal arguments. *Id*; *see also United States v. Rivera*, No. 14-0579 JB/CG, 2015 WL 4042197, at *23 (D.N.M. June 30, 2015). This is because the sovereign citizen theories are patently baseless, devoid of any rational legal

3

Case 3:22-cr-00034-KDB-DSC   Document 39   Filed 08/18/22   Page 3 of 5

argument, and unintelligible to even the most astute observer. *Id.*; *see also United States v. Mitchell*, 405 F. Supp. 2d 602, 604-06 (D. Md. 2005) (summarizing history of "sovereign citizen" legal theories). These notices filed by the Defendant are no different. It is Donald Booker, a "living, flesh-and-blood man" who is charged in the Indictment. Thus, if convicted and sentenced, it will be Donald Booker who is remanded to the custody of the Bureau of Prisons. Additionally, there is no evidence to show the existence of any undisclosed exemption bonds, securities, trusts, contracts, subrogation rights, or estate property. Even if the Defendant could prove the existence of these "bonds," it would not absolve him of the charges in the Indictment. In sum, these notices are nonsensical filings that have no legal effect.

A frivolous filing is one that lacks an "arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). And these "notices" filed by the Defendant are textbook examples of frivolous filings. The arguments raised by the Defendant have no basis in law or fact. The Defendant's right of self-representation is "not a license to abuse the dignity of the courtroom" nor "license not to comply with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 836 n. 46 (1975). As such, the Court will deny Defendant's motions/notices as frivolous.

Moreover, the Defendant is warned against any future frivolous filings. If he does not heed this warning, sanctions will be imposed against him. *See United States v. Johnston*, Case No. 2:92-CV-89, 2006 WL 889454, at *1 (W.D.N.C. Apr. 5, 2006) (citations omitted) ("*Pro se* litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions.").

**NOW THEREFORE IT IS ORDERED THAT** Defendant's *pro se* notices, (Doc. Nos. 27, 35, 36, and 38), are **DENIED** as frivolous.[1]

**SO ORDERED.**

Signed: August 18, 2022

Kenneth D. Bell
United States District Judge

---

[1] This case is currently scheduled for trial beginning on September 6, 2022. The parties are notified that due to the circumstances of this case, predominantly the Defendant's refusal to even review discovery, the Court likely would not grant a motion to continue.