# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:22-CR-00034-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) **ORDER**<br>) |
| DONALD BOOKER, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on the United States' Motion to Compel Defendant Donald Booker to disclose whether he intends to assert a defense of reliance on advice of counsel. (Doc. No. 65). The Defendant, who is appearing *pro se*, has failed to respond. For the reasons briefly discussed below, the Court will grant the Motion.[1]

In some circumstances, the Federal Rules of Criminal Procedure require pretrial notice of an anticipated defense. *See* Fed. R. Crim. P. 12.1 (alibi); Fed. R. Crim. P. 12.2 (insanity); Fed. R. Crim. P. 12.3(public authority). Advance notice is required in these situations to permit the government to prepare for trial and to avoid the necessity of continuances in the middle of the trial. *See, e.g.*, Fed. R. Crim. P. 12.2 Advisory Committee Notes. While an advice-of-counsel defense is not one of these enumerated defenses, the Court has inherent authority to impose disclosure and notice requirements outside the Federal Rules of Criminal Procedure. *See United States v. Beckford*, 962 F. Supp. 748, 755-58 (E.D. Va. 1997); *United States v. Fletcher*, 74 F.3d 49, 54 (4th Cir.1996) (district court had authority to require defendant to produce witness list prior to trial);

---

[1] The Court granted this Motion by text order on December 29, 2022, to provide the parties with sufficient time to comply with its ruling.

*United States v. Kloepper*, 725 F.Supp. 638, 640 (D.Mass.1989) ("The Federal Rules of Criminal Procedure were not designed to and do not entirely supplant [the inherent powers of the Courts to develop their own procedure] and residual power of the Court. It has long been held that the Federal Courts possess the inherent power to order discovery and inspection"); *United States v. Hearst*, 412 F.Supp. 863, 870 (N.D.Cal.1975) (defendant ordered to give government notice and discovery of novel defense of "brainwashing" by a cult group even though it did not fall within the strict dictates of Rule 12.2).

Here, if an "advice-of-counsel" defense is asserted at trial, without prior notice, the United States will be significantly prejudiced, and it will likely result in a significant delay of the trial. To adequately respond to this defense the United States will need to interview the lawyer and review documentary evidence including the opinions or advice the Defendant relied on. The United States will not have the requite time to conduct this process if it is ambushed with this defense in the middle of a trial. Therefore, it is likely the United States would either move for a continuance or the trial would need to be significantly delayed. Such a delay in the administration of justice is unacceptable. Accordingly, the Court will grant the Motion and compel the Defendant to provide notice to the United States on whether he intends to rely on an "advice-of counsel" defense and the advice on which he relied. Failure to disclose this information will result in the Defendant being precluded from raising this defense at trial.

**SO ORDERED.**

Signed: December 30, 2022

Kenneth D. Bell
United States District Judge